By the Court—Woodruff, J.
First. So far as the application seeks a dismissal of the appeal, it is founded upon a misapprehension. It is urged in reliance upon the 334th and 340th sections of the Code, which provide that to render an appeal effectual for any purpose, a written undertaking must be executed by at least two sureties, and that the undertaking shall be served with the notice of appeal.
The 334th section relates exclusively to appeals to the Court of Appeals.
The present appeal is from the Special to the General Term, under section 348. Such an appeal may be taken without giving any undertaking, and it will be so far effectual as to bring the judgment of the Special Term under review.
To render the appeal a stay of proceedings, the appellant must either give such an undertaking as is required to stay the proceedings in case of an appeal to the Court of Appeals, or he must obtain an order that such appeal shall stay the proceedings, on such terms as to security as the Court may direct; but the appeal may be taken without security, and it will be regular, and will entitle the appellant to review the judgment in the General Term.
The respondent is, therefore, not entitled to an order dismissing the appeal. •
Second. The second branch of the motion is liable to various objections:
1st. The General Term has no jurisdiction to grant it; it is an original motion and must be first made at Special *695 Term; it seeks in effect to modify the judgment. This can only be done at General Term on the hearing and decision of the appeal from the judgment, and cannot be done on motion. If it be regarded as asking that the plaintiffs be excused from the performance of the judgment according to its literal requirement, or until the defendant performs on his part, that relief, if it were necessary to the plaintiffs’ protection, should be sought at Special Term and not here.
But there appears to us to be no just occasion for making the motion anywhere.
The plaintiffs appear to have acted on the idea that they are bound to part with their money before the defendant complies with the judgment on his part. We think this is not so. All the plaintiffs are bound to do is to tender performance and demand performance by the defendant. Such performance on both sides must be cotemporaneous. The plaintiffs, therefore, run no hazard. If the defendant do not perform he is not entitled to take the money.
Whether, therefore, the defendant has it in his power to give an effectual deed;
Whether he is bound to give a deed conveying anything but such title or interest as is now vested in him;
Whether, as mortgagee in possession, he was bound to pay the taxes and assessments which have not been paid ; or,
Whether the plaintiffs, (mortgagors,) if they have suffered the property to be sold for taxes or assessments, do not bear the loss;
And whether the judgment below does, in fact, require the defendant Duffle, to do more than execute a deed with covenants against his own acts ;
It is not necessary to discuss or decide here.
The motion should be denied, with $10 costs.